# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDREW HERMIZ,

    Plaintiff,               Civil Action No. 2:07-14432
v.                           HONORABLE BERNARD A. FRIEDMAN
                               CHIEF UNITED STATES DISTRICT JUDGE

M. KRASNOSELSKY, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

The Court has before it Plaintiff Andrew Hermiz's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan. Having reviewed plaintiff's complaint, the Court dismisses it with prejudice for failing to state a claim upon which relief can be granted.

### II. STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245,

1

1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994). Pursuant to 28 U.S.C. 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. COMPLAINT

Plaintiff claims that he was physically assaulted by staff at the Center for Forensic Psychiatry on October 15, 2002. Plaintiff contends that he was subjected to verbal harrassment by staff members at the same institution on October 16, 2002. Plaintiff signed and dated his complaint October 12, 2007.

### IV. DISCUSSION

Plaintiff's claims are barred by the statute of limitations. In order to dismiss a prisoner civil rights action under the preliminary screening process because the statute of limitations has expired, a federal court must find that the expiration of the statute of limitations is clear on the face of the complaint. *Johnson v. Hill,* 965 F. Supp. 1487, 1489 (E.D. Va. 1997); *See also McLittle,* 974 F. Supp. at 637.

In the present case, plaintiff's complaint alleges that he was physically assaulted on October 15, 2002 and subjected to verbal harrassment on October

2

16, 2002. Plaintiff's complaint was signed and dated October 12, 2007, some five years after the alleged assault and harrassment took place. In Section 1983 cases, the appropriate statute of limitations is the analogous state statute of limitations for personal injury actions. *Dixon v. Anderson*, 928 F. 2d 212, 215 (6th Cir. 1991)(citing to *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985)). In Michigan, the three (3) year statute of limitations contained in M.C.L.A. 600.5805(8) is the uniform limitations period to be applied to section 1983 claims which arise out of Michigan. *Carroll v. Wilkerson*, 782 F. 2d 44, 45 (6th Cir. 1986); *McLittle*, 974 F. Supp. at 637. Because plaintiff's action was filed more than three years after the alleged assault and harrassment took place, plaintiff's claim against the defendants are barred by the statute of limitations. *See Ziegler v. Michigan,* 59 Fed. Appx. 622, 623 (6th Cir. 2003).

## V.  CONCLUSION

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

_____s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
**CHIEF UNITED STATES DISTRICT JUDGE**

DATED: November 7, 2007